## STATE *v.* LEDFORD.

### (*Nashville.* February 22, 1894.)

SUIT AGAINST STATE. *County cannot maintain.*

A county cannot, any more than any other creditor, maintain a suit against the State. The remedy, if any, in such case, is by appeal to the Legislature. (See State *v.* Odom, *ante*, p. 446.)

## FROM MONTGOMERY.

Appeal in error from Criminal Court of Montgomery County. M. SAVAGE, Sp. J.

Attorney-general PICKLE for the State.

WM. M. DANIEL for the County.

WILKES, J. This case is similar to the case of *The State* v. *Odom.* The Special Judge, M. Savage, hearing the cause in the Court below, gave judgment for the county against the State, and the State appealed, and has assigned errors.

The judgment must be reversed, and the motion to retax costs denied, with costs against the county of Montgomery.

It is insisted that in the case of the *State* v. *Montgomery County*, decided by this Court at the

December term, 1889, the county of Montgomery was held liable to the State upon a similar case. It appears that the county of Montgomery had for a number of years collected from the State costs for the board of prisoners in the jail and work-house of that county who had been convicted of felonies and sentenced to the jail or work-house, such costs accruing subsequent to their convictions. These costs had been made out and properly certified by the Criminal Judge and Attorney-general, and paid by the Comptroller, and the decision of this Court was that Montgomery County must refund such costs.

It is insisted that the State should be willing to do now what she then compelled Montgomery County to do—that is, repay the costs which had been improperly paid out. This is a strong moral but not a legal argument.

The case of *The State* v. *Montgomery County*, was not a motion to retax costs, but a proceeding by a bill in chancery to recover moneys illegally taken out of the treasury of the State and applied to costs for which the State was never liable, and a portion of which, at least, was paid into the treasury of Montgomery County for jail purposes. The questions that are raised in this suit were not raised in that, and, from the very nature of the cases, could not be. But, if the cases were identical, still the county of Montgomery could not sue the State, and reach the funds in its treasury by a judgment at law, any more than

any other *bona fide* creditor could, no matter what suits the State may have brought against it heretofore. Her only recourse is an appeal to the Legislature, which will act after a full consideration of all the facts and equities of the case.

While it is the plain letter of the law that the State cannot be sued, we certainly do not feel disposed to relax the rule so as to flood the State treasury with claims running back through a series of years, perhaps for a half century, the aggregate of which we can only surmise. The state has made no provision for the payment of such claims, and if it shall see proper, under all the circumstances, to allow them, it will no doubt provide the revenue to pay them; and, until that is done, this Court can only enforce the law which has been enacted for the protection of the State treasury from unexpected and unforeseen demands.